ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. EVANS. (No. 7142.)

(Court of Civil Appeals of Texas. Dallas. April 18, 1914. Rehearing Denied May 9, 1914.)

1. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICTS AND FINDINGS—CONCLUSIVENESS.
Where the issues of negligence and contributory negligence were fully and fairly submitted, and it could not be said that the jury's findings in relation thereto were without substantial evidence to support them, the appellate court was not warranted in disturbing the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. RAILROADS (§ 326*)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.
The issue raised by the action of the driver of a horse and buggy in attempting to cross a railroad crossing, which was torn up for repairs, at the invitation of the foreman in charge, was one of contributory negligence, and not assumption of risk.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1037–1042; Dec. Dig. § 326.*]

3. RAILROADS (§ 303*)—ACCIDENTS AT CROSSINGS—DEFECTS IN CROSSINGS—CHANGING LOCATION OF HIGHWAY.
The failure of a railroad to construct a temporary crossing, while the regular crossing upon which plaintiff was injured was torn up for repairs, constituted negligence, if such a temporary crossing might easily have been constructed on either side of the regular crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 959–963, 966, 967; Dec. Dig. § 303.*]

4. RAILROADS (§ 350*)—ACCIDENTS AT CROSSINGS—QUESTIONS FOR JURY.
Whether a railroad company was guilty of negligence proximately resulting in injuries to the driver of a horse, which ran away at a crossing which was torn up for repairs, and whether the driver was guilty of contributory negligence or assumed the risk, held, on the evidence, questions for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

5. RAILROADS (§ 340*)—INJURIES TO THIRD PERSONS—ACCIDENTS AT CROSSINGS—STATEMENTS OF RAILROAD FOREMAN.
A railroad foreman, in charge of repair work at a highway crossing, was the representative of the company, to give notice of its condition to travelers ignorant thereof; and the company was liable for injuries to a traveler, if due to negligence of the foreman in stating that he could cross.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1102–1104; Dec. Dig. § 340.*]

6. TRIAL (§ 296*)—ACTIONS FOR INJURIES—INSTRUCTIONS—CURE OF ERROR.
A charge that plaintiff could recover for injuries sustained from his horse running away at a railroad crossing, which was torn up, if defendant's foreman represented that a wagon had crossed and he could cross over, was not erroneous, because such statements were a mere expression of opinion, as they could hardly be so considered, and it was further charged that he could not recover if they were mere expressions of opinion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

7. RAILROADS (§ 351*)—ACCIDENTS AT CROSSINGS—ACTIONS FOR INJURIES—INSTRUCTIONS.
A charge permitting recovery for injuries sustained from plaintiff's horse running away at a railroad crossing, which was torn up, if plaintiff relied upon the representations of defendant's foreman that he could cross, was not defective, because not submitting knowledge of facts putting plaintiff on inquiry, particularly as it was merely an omission, which could have been supplied, if requested.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

Appeal from District Court, Collin County; F. E. Wilcox, Special Judge.

Action by B. B. Evans against the St. Louis Southwestern Railway Company of Texas for damages for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 158 S. W. 1179.

E. B. Perkins, of Dallas, and Head, Smith, Maxey & Head, of Sherman, for appellant. L. C. Clifton, of McKinney, and Evans & Carpenter, of Greenville, for appellee.

TALBOT, J. This is the second appeal in this case, the first going to the Court of Civil Appeals of the Sixth District, sitting at Texarkana, and resulting in the case being reversed and remanded by that court, because the trial court had submitted a cause of action not then pleaded. After the return of the mandate, and on September 15, 1913, the appellee filed an amended petition, in which said cause of action was pleaded. The suit was instituted by appellee, Evans, to recover damages for personal injuries received by him through the negligence of appellant's servants. The defenses were a general denial, contributory negligence, and assumed

risk. A trial resulted in a verdict and judgment in favor of appellee, and the appellant appealed.

The evidence warrants the following conclusions of fact: Appellant's railroad passes through the town of Nevada, in Collin county, Tex., running practically east and west. About one-half mile east of Nevada the railroad crosses the Farmersville and Royse public county dirt road, which runs north and south. On the 18th day of March, 1910, the appellee was and had been for some time a mail carrier, and a part of his route and many of the patrons to whom he delivered mail resided on both sides of the appellant's railroad on said public dirt road. Appellee used for the purpose of carrying the mail a horse and single buggy, and was on his route delivering mail, traveling along the public road, when hurt. When he reached the point where the defendant's railroad crossed the dirt road, its agents and servants were there repairing the track and roadbed on said railroad crossing. They had removed the dirt from between the ties and around the rails on the public road crossing, making the same a skeleton track, and had removed all of the dirt from between the ties to the depth and thickness of the ties, which was six or seven inches, and the dirt had been piled out on the south side of the track, forming an embankment or ridge across the public dirt road parallel with the railroad and something near the ends of the ties. This rendered the track dangerous for travelers, using the dirt road, to pass over the crossing, which was known to appellant, but unknown to appellee. When appellee drove up to the crossing, he was informed by the agent of appellant in charge of the repair work that it would be all right to cross over the same by leading his horse; that others before him had done so that morning; and appellee, relying upon said representations, got out of his buggy and attempted to lead his horse, hitched to the buggy, over the crossing. When he led his horse onto the skeleton track, he discovered for the first time the depth of the holes between the cross-ties, and by reason of the condition of the track his horse became frightened, ran away, and seriously injured appellee. The servant of appellant knew the condition of the track and the probable danger to appellee in attempting to cross it, but neither was known to appellee at the time he attempted to pass over the crossing. The appellant was guilty of negligence in removing the dirt from every part of the crossing at the same time, and in throwing up the embankment across the same, without leaving some portion of it reasonably safe for the use of persons traveling the public dirt road, and in permitting said crossing, for the time shown, to remain in that condition, or in failing to construct a temporary way around the crossing, and in making the statements shown to appellee. The appellee under the circumstances, was not guilty of contributory negligence, and did not assume the risk of danger in using the crossing.

It is first assigned that the court erred in refusing appellant's special charge directing the jury to return a verdict in its favor. Five propositions are urged under this assignment, which are in substance as follows: (1) That a railway company has a right to reconstruct and repair its road over a highway, and for this purpose may disturb the enjoyment and use of the highway by the public so long as such work renders such disturbance reasonably necessary; (2) that the evidence in this case failing to show any negligence upon the part of the railroad, as charged by plaintiff, the court should have instructed a verdict for the appellant; (3) that the undisputed evidence disclosed that in going over the crossing in question appellee chose a dangerous way, when a safe one was available to him, and therefore was guilty of contributory negligence, precluding a recovery; (4) that the undisputed evidence shows that appellee, with full knowledge of the condition of the crossing, or such knowledge as would put a reasonably prudent man on inquiry as to its condition, went into the same with his horse and buggy, and was negligent in using it after knowing its condition, or negligent in using it without knowing its condition, and therefore is not entitled to recover; (5) that plaintiff, when he attempted to use the crossing, knew or should have known that the use of it was attended with danger; that it was more unsafe for him to use the same than to go farther and use another crossing, or wait and use the crossing where the accident occurred after it was finished; and hence he assumed the risk of the increased danger, and cannot recover for the injuries caused thereby.

[1] Our conclusions of fact, which we think are supported by the evidence, and which, under the court's charge, were necessarily the conclusions of the jury, determine the propositions of no actionable negligence on the part of the appellant and contributory negligence on the part of the appellee, barring a recovery against appellant. The jury was distinctly charged that if they believed from the evidence that the appellant was not guilty of negligence in the statements of its foreman, if any, made on the occasion when appellee was attempting to cross the railroad track, or that appellee was not induced to attempt to pass over said track by reason of said statements, if any, which were mere expressions of the foreman's opinion, and so understood to be by appellee at the time, then in either such event to find for defendant. They were also instructed that if, in failing to leave some portion of its track intact and accessible to persons traveling the dirt road, the appellant was not guilty of negligence, or was not guilty of negligence in failing to provide a temporary crossing at the place in

question, to find for appellant upon both such issues. Upon the question of contributory negligence they were instructed that if the appellee failed to look at the condition of the crossing, and that he could by looking have ascertained the condition of the same before going on it, and that in failing to look he was guilty of negligence which contributed to his injuries, or that if appellee knew, or by the exercise of ordinary care could have known, of the condition of the crossing before going on it, and that in undertaking to pass over same with such knowledge, or without informing himself as to such condition, or if there was another way, which appellee could have taken, so as to have passed over appellant's track in safety, and that in not taking such other way appellee was guilty of contributory negligence, then in either such event to find for defendant. Thus, it appears that the issues of negligence and contributory negligence were fully and fairly submitted, and, not being prepared to say that the jury's findings in relation thereto are without substantial evidence to support them, we would not be warranted in disturbing their verdict.

[2] In regard to appellant's fifth proposition stated above, it is sufficient to say that, if in any event the issue of assumed risk could arise in a case of this character, it did not, in our opinion, arise in this instance. The issue made by the evidence was one of contributory negligence on the part of appellee, and not one of assumed risk. But, if we should be mistaken in this, then the answer to appellant's contention upon this phase of the case is that the evidence did not conclusively establish the facts necessary to charge appellee with the assumption of the risk incident to his attempt to pass over the crossing, and the peremptory instruction, so far as such question is concerned, was properly refused.

[3] The proposition to the effect that the appellant, under our statute, had the right to reconstruct or repair its railroad over the public dirt road in question, and for that purpose could disturb the enjoyment and use of all of said road by the public so long as such work made such disturbance reasonably necessary, should not be sustained. In Texas Midland Railroad v. Johnson, 20 Tex. Civ. App. 572, 50 S. W. 1044, this court held that the statutory duty imposed upon railway companies to restore public highways crossed by their railroad tracks to such state as not to unnecessarily impair their usefulness is not postponed until the completion of the crossing, and in so holding said: "We think a liberal and fair construction of that statute would require the railway company not to wholly prevent passage of travelers along the way during the time of the construction of the railroad, when their passage may practically be provided for during the time the work is going on. If a temporary turn of the highway around the work of construction may practically be provided,

then that would be a duty owed by the company to the public." After quoting the foregoing excerpt from the Case of Railway Co. v. Johnson, supra, the Court of Civil Appeals for the Sixth District, on the former appeal of this case, and on practically the same facts as now appear in the record, said: "There was testimony from which the jury might have found that appellant could easily have constructed a crossing over its track on either side of the traveled part of the road, for the use of the public, until it restored said traveled part to its former state. If it might have constructed such a crossing, and did not, and so violated a duty it owed to appellee as one of the general public, it cannot be said there was no evidence warranting a finding by the jury that it was guilty of negligence."

[4] We think these conclusions of the Court of Civil Appeals of the Sixth District, with reference to both the testimony and the law of the case, correct, and shall adhere to them. Clearly, the evidence offered by appellee, or all the evidence taken as a whole, was not so lacking in probative force as warranted the trial court in holding, as a matter of law, either that appellant was not guilty of actionable negligence resulting proximately in the injury of appellee, or that appellee was guilty of contributory negligence, or has assumed the risk of injury in attempting to pass over the crossing at the time, place, and under the circumstances as shown, and those questions were properly submitted to the jury for determination. The cases cited by appellant in support of its several contentions were decided upon facts dissimilar to those in the case at bar, as we understand them, and do not control its decision.

This disposes of appellant's second, third, fourth, fifth, and sixth assignments of error adversely to its contention, and they need not be stated and discussed in detail.

[5-7] The seventh assignment complains of that paragraph of the court's charge wherein the jury was instructed that if the appellee, while approaching appellant's railroad track in a buggy drawn by a horse, for the purpose of crossing said track, was informed by the foreman of the crew then and there engaged in ballasting or fixing said track that the track or crossing was a little rough, but that a wagon had passed over it a short time before that, and that if he (appellee) would get out of his buggy and lead his horse he could cross over, and that said statements, if made, were made as representations of fact, with the intention that the appellee should act on same, and that appellee relied upon said statements and was induced to act thereby, etc., and that if said foreman in making said statements was under all the circumstances of the case guilty of negligence, and such negligence was the proximate cause of appellee's injury, to find for appellee. The propositions contended for

under this assignment are: (1) "The evidence shows that the foreman, Odom, was not authorized to make the statement attributed to him, the same was not within the implied scope of his authority, and negligence as to appellant cannot be predicated on it." (2) "Negligence cannot be predicated on the expression of an opinion about a matter that may be understood as well by one rational mind as another." (3) "The charge is wanting in an essential ingredient, in not submitting to the jury knowledge by plaintiff of facts that would put a prudent man on inquiry as to the condition of the crossing and would have caused him to find out the condition, or that the plaintiff might have known of the condition."

Neither of these propositions should, in our opinion, be sustained. With knowledge that travelers on the public dirt road would probably appear and undertake to pass over the crossing while its track was being reconstructed or repaired, appellant placed its foreman in exclusive charge and control of the work. He thereby became the representative of the company whose duty it was to give notice · of the condition of the crossing to such travelers as were ignorant of its dangerous condition and desired to use it, and in the discharge of this duty his acts and statements were such acts and statements, if negligently made to appellee's hurt, as rendered the appellant liable for damages sustained thereby. The statement in question can hardly be considered as the expression of the foreman's opinion. He was in a position to know the condition of the crossing, and his statement in reference thereto clearly purported to be the statement of facts' within his knowledge, and was calculated to induce one desiring to use the crossing to rely thereon. The charge complained of made the right of appellee to recover on this issue depend upon a finding that the statement was a representation of fact, and made with the intention that appellee should act on the same. Besides, in another paragraph of the court's charge, the jury were told that if they believed the statements in question were mere expressions of opinion, and so understood by appellee, to return a verdict in favor of appellant on the issue.

As to the third proposition, it is sufficient to say that we do· not believe the charge was defective in the particular claimed. If it was, then it appears to be one of omission, which should have been supplied by a special charge requested by appellant.

The other assignments of error have been disposed of by what we have already said or disclose no reversible error. The evidence supports the verdict, the issues were fairly submitted to the jury, and, finding no error in the record requiring a reversal of the case, the judgment of the court below is affirmed.